# Federal UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

Malcolm Campbell Mespelt, individual,

    Plaintiff,

vs.

FCA US LLC,
a Foreign Limited Liability Company,

    Defendant.

Case No.:

**COMPLAINT**
**Amount Claimed: $106,342.24**

### JURY TRIAL DEMANDED
### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Malcolm Campbell Mespelt, by and through his attorneys, Lemon Law Group Partners PLC, and submits the following as his Complaint against Defendant FCA US LLC.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Malcolm Campbell Mespelt is an individual residing at 6080 Wigrich Road, Independence, Oregon 97351.

2. Defendant FCA US LLC is a foreign limited liability company doing business throughout the State of Oregon. FCA US LLC (hereinafter "Defendant Manufacturer" or "Defendant FCA") may be served through its registered agent, CT Corporation System, 780 Commercial Street SE, Suite 100, Salem, Oregon 97301.

3. The transactions and occurrences involved in this action took place in the State of Oregon, County of Polk.

**COMMON AVERMENTS**

4. On or about April 5, 2025, Plaintiff purchased a new 2025 Ram 3500, VIN: 3C63R3JLXSG513629 from an Authorized Dealership (hereinafter "Vehicle"). Please see Exhibit A: Purchase Agreement.

5. At the time of purchase, the Vehicle was accompanied by a factory warranty which, in relevant part, provided for a three (3) year – 36,000 mile bumper to bumper warranty and a five (5) year – 100,000 mile Powertrain warranty (the "Warranty"). Please see Exhibit B: Pertinent Portion of Warranty. Full warranty is in Defendant's Possession.

6. The Subject Vehicle is registered in Oregon and was purchased primarily for personal, family, and/or household purposes.

7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

8. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

9. Shortly after purchase, Plaintiff noticed defects in the vehicle and returned the vehicle to Authorized Dealerships on at least three (3) occasions to repair defects to the Subject Vehicle including: auto headlights do not dim the dashboard despite numerous repair attempts, multiple warnings illuminating on dashboard, Service Rearview Mirror message illuminating, rearview mirror defects necessitating replacement, bed pucks for fifth wheel hitch do not line up, engine oil leak from bell housing, vehicle has never gone through glow plug cycle, tailgate opens with one click from fob instead of two, auto wipers always wipe once on startup, Reverse warning sounds when shifting into Reverse, trailer backing assist came on by itself and caused steering wheel to lock up, left turn signal defects, left brake lamp assembly defects necessitating replacement, Body Control Module (BCM) defects necessitating replacement, rearview mirror camera options inoperable, infotainment system defects, turbo issue, electrical issues, rearview mirror defects despite numerous repair attempts and replacement, vehicle pulsates when driving downhill, navigation system defects

despite numerous repair attempts, software issues, and transmission defects. Please see Exhibit C: Repair Orders.

10.  Subject Vehicle has been out-of-service for at least one hundred (100) total days for the aforementioned repairs. Please see Exhibit C.

11.  Despite the prolonged time during which the Subject Vehicle has been out-of-service, Authorized Dealerships have failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

12.  The defects experienced by Plaintiff with the Subject Vehicle substantially impaired its use, value, and safety to the Plaintiff, and have shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

13.  Despite Plaintiff's repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Vehicle, many nonconforming and defective conditions were not repaired, and still exist.

14.  The Vehicle still has issues including electrical defects.

15.  Plaintiff directly notified Defendant of the defective conditions of the vehicle on numerous occasions and that he desired a buy-back of the Subject Vehicle, wherein Defendant failed and refused to buy back Plaintiff's defective Vehicle and to reimburse Plaintiff pursuant to his rights under State and Federal Laws. Please see Exhibit D: Written Notification, and Exhibit E: Return Receipt.

16.  This cause of action arises out of the Defendant's Breach of Warranty, violation of the Federal Magnuson-Moss Warranty Act, and violation of OR Rev. Stat. §§ 646A.400 – 646A.418; §§ 646A.325 – 646A.327 ("Lemon Law") as set forth in this Complaint.

17.  Plaintiff submitted his case to the National Center for Dispute Settlement (NCDS) on or about June 8, 2025. Plaintiff's case was denied by the NCDS on or about July 14, 2025. Please see Exhibit F: NCDS Denial.

18.  Plaintiff seeks judgment against Defendant in whatever amount Plaintiff is entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

19. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

20. Plaintiff fully repeats and incorporates Paragraphs 1 through 19, as set forth above.

21. Defendant FCA extended to Plaintiff a three (3) year – 36,000 mile bumper to bumper warranty and a five (5) year – 100,000 mile Powertrain warranty ("Warranty").

22. Plaintiff, seeking to repair the Subject Vehicle, attempted to exercise Plaintiff's rights under the Warranty.

23. Defendant FCA has failed to honor the terms of the Warranty.

24. Defendant FCA has failed or refused to repair the issues which include electrical defects.

25. As a result of the actions set forth above, Defendant FCA has breached its warranty.

26. As a result of Defendant FCA's breach of warranty, Plaintiff has suffered and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant FCA in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

27. Plaintiff fully repeats and incorporates Paragraphs 1 through 26, as set forth above.

28. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

29. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

30. Defendant FCA is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

31. The Subject Vehicle is a "consumer product" as defined by 15 USC § 2301(6).

32. 15 USC § 2310(d)(1)(A), requires Defendant FCA, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

33. The actions of Defendant FCA as hereinabove described, in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written warranties covering the Subject Vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

34. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant FCA, Defendant FCA has failed and refused to cure any defects and non-conformity with the Subject Vehicle.

35. As a result of Defendant FCA's breach of factory warranty as set forth above, and Defendant FCA's failure to honor its obligations under its warranties, Plaintiff has suffered and will continue to suffer damages as enumerated above.

36. Defendant FCA had a reasonable opportunity to remedy the defects in the vehicle but has failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

37. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## COUNT III
## PLAINTIFF'S CLAIM OF VIOLATION OF
## OR REV STAT §§ 646A.400 – 646A.418; §§ 646A.325 – 646A.327
## "LEMON LAW"

38. Plaintiff repeats and incorporates Paragraphs 1 through 37, as set forth above.

39. Plaintiff is a "consumer" under the Lemon Law, OR Rev Stat § 646A.400(2).

40. The Subject Vehicle is a "motor vehicle" under the Lemon Law, OR Rev Stat § 646A.400(4).

41. It is presumed that the Subject Vehicle has been subject to a reasonable number of repair attempts for the aforementioned defects if, during the two-year period following the date

5

of original delivery of the motor vehicle to a consumer or during the period ending on the date on which the mileage on the motor vehicle reaches 24,000 miles, whichever period ends first, OR Rev Stat § 646A.406(1):

  (1) The manufacturer or an agent or authorized dealer of the manufacturer has subjected the nonconformity to repair or correction three or more times and has had an opportunity to cure the defect alleged, but the nonconformity continues to exist; OR Rev Stat § 646A.406(1)(a); or

  (2) The motor vehicle is out of service by reason of repair or correction for a cumulative total of 30 or more calendar days, OR Rev Stat § 646A.406(1)(b);

42. The Subject Vehicle has been subject to repair on at least three (3) occasions and was out of service for at least one hundred (100) days during the earlier of the two-year period following the date of original delivery of the Subject Vehicle or the date on which the Subject Vehicle reached 24,000 miles. All attempted repairs were unsuccessful as the Subject Vehicle continues to have the aforementioned defects.

43. The aforementioned defects substantially impair the use or value of the Subject Vehicle to Plaintiff and prevent the Subject Vehicle from conforming to the Manufacturer's factory warranty.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For actual damages according to proof at trial;

(2) For either Defendant to accept return of the Subject Vehicle in exchange for full purchase

  price returned to Plaintiff;

(3) For attorney's fees and costs of suit incurred herein;

(4) For such other and further relief as the court deems just and proper under

  the circumstances;

(5) That all issues be tried before a jury.

Dated: 24th day of February, 2026

Respectfully submitted,

**LEMON LAW GROUP PARTNERS PLC**

By: /s/ Sara Brooks
_____
Sara Brooks (OSB 2220030)
401 NE 19th Ave, suite 200
Portland, Oregon 97223
Tel. No.: (888) 415-0610
info@lemonlawgrouppartners.com
eservice@lemonlawgrouppartners.com
sarab@lemonlawgrouppartners.com